WILLIAM C. GREENE, as Receiver of the MERCHANTS' BANK OF LOCKPORT, Respondent, *v.* E. ASHLEY SMITH, Appellant.

1. EQUITY — RELIEF FROM MISTAKE OF LAW. Equity does not afford relief from a mistake of law to one party to a contract, unless the other party was guilty of positive fraud or unfair and deceptive conduct.

2. OMISSION FROM CONTRACT OF PROVISION FOR SPECIAL RATE OF INTEREST, THROUGH MISTAKE OF LAW — DENIAL OF REFORMATION. A finding by a referee, on conflicting evidence, as a fact, that a parol agreement for a special rate of interest upon advances to be made by a party on account of a land purchase was omitted from a written contract in suit concerning such advances, through a mistake of law, sustains, in the Court of Appeals, on appeal from a unanimous affirmance of the judgment by the Appellate Division, the legal conclusion that the unsuccessful party was not entitled to have the contract reformed, in the absence of a finding that the other party to the contract was guilty of any inequitable conduct.

3. UNPERMISSIBLE CHANGE OF THEORY ON DENIAL OF REFORMATION. When an action has been tried by the unsuccessful party upon the theory that an instrument required reformation, and his effort to reform the instrument has failed, he cannot change his theory of the case in the Court of Appeals, and is not entitled to invoke a judicial construction that, as originally drawn, the contract needed no reformation and could be read as if reformed.

*Greene* v. *Smith*, 13 App. Div. 459, affirmed.

(Argued October 5, 1899; decided November 21, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 5, 1897, affirming a judgment in favor of the plaintiff, entered upon the report of a referee, for $9,523.58.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lewis E. Carr, E. M. Ashley* and *G. W. Bowen* for appellant. The referee's findings of fact are not open to review in this court, as they were based on conflicting testimony, and his decision has been affirmed by the Appellate Division. (*Cook* v. *Whipple*, 55 N. Y. 150; *Quincey* v. *White*, 63 N. Y. 370; *Van Tuyl* v. *W. F. Ins. Co.*, 55 N. Y. 657; *Matter of Rogers*, 153 N. Y. 316; *White* v. *Benjamin*, 150 N. Y.

258; *Crim* v. *Starkweather*, 136 N. Y. 635; *People ex rel.* v. *Barker*, 152 N. Y. 417; *Amherst College* v. *Ritch*, 151 N. Y. 282; *People ex rel.* v. *Barker*, 155 N. Y. 322; *Koehler* v. *Hughes*, 148 N. Y. 507.) It was error to find and hold as matter of law that the words "with interest," in the agreement between Helmer and Smith, limited the latter to simple interest at the statutory rate in New York on the advances made by him under the Morgan and Roby contract and to render a judgment against him based on such conclusion of law. (*Guggenheimer* v. *Geiszler*, 81 N. Y. 293; *O'Brien* v. *Young*, 95 N. Y. 428; *Fanning* v. *Consequa*, 17 Johns. 511; *Stewart* v. *Ellice*, 2 Paige, 604; *Smith* v. *B. S. Bank*, 101 N. Y. 58; *McMichael* v. *Kilmer*, 76 N. Y. 36; *Coddington* v. *Davis*, 1 N. Y. 186; *Rawson* v. *Lampman*, 5 N. Y. 456; *Knowles* v. *Toone*, 96 N. Y. 534; *Coleman* v. *Beach*, 97 N. Y. 545.) It was error to hold that the defendant was not entitled to more than simple interest at the New York rate, although the agreement was for compound interest at the rate of eight per cent, because the omission of the agreement as to the rate and character of interest intended from the written contract, occurred through a mutual mistake of law, and, therefore, the defendant could have no relief. (*Marsh* v. *McNair*, 48 Hun, 117; *Matthews* v. *Sheehan*, 69 N. Y. 585; *A. C. S. Inst.* v. *Burdick*, 87 N. Y. 40; *Welles* v. *Yates*, 44 N. Y. 525; *Haviland* v. *Willets*, 141 N. Y. 35; *Maher* v. *H. Ins. Co.*, 67 N. Y. 283; *Heert* v. *Cruger*, 14 Misc. Rep. 508; *Monne* v. *Ayer*, 20 J. & S. 139; *N. Y. R. Co.* v. *Rothery*, 107 N. Y. 310.)

*David Millar* for respondent. In the absence of a provision specifying the rate of interest the law implies it to be that prescribed by the statute. (*Guggenheimer* v. *Geiszler*, 81 N. Y. 293; *Fanning* v. *Consequa*, 17 Johns. 511; *O'Brien* v. *Young*, 95 N. Y. 428.) In order to control a written agreement by parol evidence, the parol evidence "must be consistent with and not contradict the written instrument." (*Chapin* v. *Dobson*, 78 N. Y. 74; *Thomas* v. *Scutt*, 127 N. Y. 133;

*House* v. *Walch*, 144 N. Y. 418.)  Both parties consented to the omission of any provision in reference to eight per cent. interest compounded annually under a mistaken notion that it would make the contract usurious, and to the insertion of the word "interest" instead.  This would be simply a mistake of law for which no reformation of the contract will be permitted. (Story's Eq. Juris. §§ 111, 113, 116; *Hunt* v. *Rousmainier*, 1 Pet. 115; *Snell* v. *Insurance Co.*, 98 U. S. 85; *Bank of U. S.* v. *Daniall*, 12 Pet. 32; *Storrs* v. *Barker*, 6 Johns. Ch. 169; *Ligon* v. *Rogers*, 12 Ga. 231; *Morris* v. *Penrose*, 38 N. J. Eq. 629.)  When there is no fraud or mistake in the preparation of the agreement, and it appears that the parties know its effect and purport, there is no ground to reform the contract, and a contemporaneous agreement on the faith of which a party signed it cannot be given in evidence to control it. (*Wilson* v. *Deen*, 74 N. Y. 531; *Engelhorn* v. *Reitlinger*, 122 N. Y. 76; *Eighmie* v. *Taylor*, 98 N. Y. 288.)  The evidence in this case was insufficient to justify a finding of fact to the effect that there was a mistake in the making of the contract. (*A. B. Co.* v. *Allison*, 144 N. Y. 21; *Southard* v. *Curley*, 134 N. Y. 148; *Mead* v. *W. F. Ins. Co.*, 64 N. Y. 453.)  The claim of the defendant to have the agreement reformed is stale, and barred by the Statute of Limitations. (*Thompson* v. *Sickles*, 46 Barb. 49; *Mann* v. *Palmer*, 3 Abb. Ct. App. Dec. 162; *M. L. Ins. Co.* v. *Meeker*, 85 N. Y. 614; *Matter of Nielley*, 95 N. Y. 382.)  The contract under consideration having been made in this state, and there being in it no specified place of performance, it is governed by the laws of this state. (Story on Confl. of Laws, § 291; *Stewart* v. *Ellice*, 2 Paige, 604; *Monroe* v. *Douglass*, 5 N. Y. 447; *Savage* v. *O'Niel*, 44 N. Y. 298.)  If there was any mistake in the execution of the contract under consideration it was known to defendant when the contract was made, and if it were one which was remedial in a court of equity under any circumstances it was necessary that defendant should have been prompt in making an application for redress. (Story's Eq. Juris. § 1520; *Smith* v. *Clay*, Ambler, 645.)

BARTLETT, J. The plaintiff brings this action as receiver of the Merchants' Bank of Lockport.

On the 5th day of August, 1876, one Helmer assigned to the First National Bank of Lockport his interest in a certain contract that he held under an agreement with the defendant, as security for his indebtedness to the bank.

The assignee bank was afterwards wound up and the Merchants' Bank of Lockport succeeded to its interest in this contract and is represented here by the plaintiff as its receiver.

In August, 1873, Morgan and Roby entered into a written contract which recited that they had purchased some three hundred and fifteen acres of land in the state of Indiana for $63,076, one-fourth of which had been paid down by Morgan and the balance was secured by notes at eight per cent covering a period of three years; that Morgan was to advance balance of purchase money and receive interest at the rate of ten per cent per annum, compounded semi-annually, on all advances made or to be made; that the net profits of the enterprise were to be divided two-thirds to Morgan and one-third to Roby.

In December, 1873, Morgan, in consideration of $8,754.29, being half the amount and interest he had advanced, assigned to Helmer "the undivided half part of all my interest and rights in and under the foregoing contract between me and Edward Roby, said Helmer assuming the half part of all my liabilities under the same," etc.

In February, 1874, Helmer entered into an agreement with the defendant in this action by which he assigned to him " all his right, title and interest in and to the said several contracts," etc.

The defendant assumed Helmer's obligations under his contract with Morgan, and after he was repaid his advances with interest the surplus was to be divided between himself and Helmer.

In August, 1876, Helmer assigned his right in this contract as collateral security for his indebtedness to the First National Bank of Lockport as already stated.

This action was begun in March, 1894, by the holder of the collateral for an accounting under this assignment, and the issues were tried by a referee.

The main contention at the trial was over the rate of interest that defendant was entitled to charge on the advances made by him under his contract with Helmer. As that contract did not name the rate of interest in express terms, the plaintiff contended that it should be seven per cent, being the legal rate existing in the state of New York at the time the contract was executed.

The defendant claimed that he was entitled to compute the interest on his advances at the rate of eight per cent per annum, compounded annually.

It is conceded that if plaintiff's rate of interest is adopted, the amount found in defendant's hands over and above his advances is correct, but if defendant's rate of interest is proper, he has no balance in his hands that plaintiff is entitled to claim. The defendant, in his answer, set up a parol agreement between himself and Helmer providing for the rate of interest at eight per cent, as he claimed and alleged that it was omitted from the written contract by a mutual mistake of fact, and prayed that it be reformed so as to express the true meaning of the parties.

The referee, in his ninth finding, states in substance as follows: That prior to and on the day of the execution and delivery of the agreement between Helmer and Smith, it was understood and agreed that Smith was to be allowed interest on his advances at the rate of eight per cent per annum, compounded annually, "but by a mistake of law the said rate and the method of compounding were not expressed in the said agreement, it having at said time been represented to said Smith by said Helmer, and believed by both said Smith and Helmer, that to express the interest reserved at eight per cent, compounded annually, would render said agreement usurious, and that it was best to trust said Helmer to pay the eight per cent, compounded annually. That said Smith was not at that time a man experienced in business, having theretofore till

within a short time been engaged in farming, and as an employee in a country store, and said Helmer was a man who had long been in active money business, and was then president of a bank. That Smith and Helmer were warm personal friends and attendants upon the same church and much interested therein, and said Smith placed great reliance upon the statements and the business judgment and acumen of said Helmer."

The referee, as a conclusion of law, found a mutual mistake of law in the contract between Helmer and Smith, and that the defendant was not entitled to have the same reformed, and that the defendant was only entitled to simple interest at seven per cent per annum upon all payments made on account of the lands referred to in the several contracts and agreements.

The referee says, among other things, in his opinion, referring to this omitted clause : " The necessity of leaving it out was fully understood between these parties. \* \* \* There is nothing to show that Helmer did not believe that the law forbade the reservation of eight per cent in the instrument. The evidence is that he said it would not do to put it in, because it would make the contract void for usury, and that he did not want that and Smith did not want it. It must be concluded that such was the belief of Smith, a belief into which he was led by the statements of Helmer, who was his friend, and upon whose superior business sagacity he relied. Then there was a mutual mistake of law and not of fact. They both wanted to keep what they understood to be a usurious agreement secret, and so well satisfied were both that it was the proper thing to do to simply declare in the written instrument that Smith was to have interest (meaning the legal interest in New York) upon his advances, that when they went to Mr. Bowen in respect to the form of the instrument they neither of them said anything about the question of interest. I am not willing to hold that the misapprehension of Smith in regard to the law was induced by Helmer's fraud or deception, or by his inequitable conduct. There is no evidence

to support such a finding. On the contrary, such evidence as there is tends to show that Helmer believed what he told Smith, and thus the mistake was mutual."

The referee has thus found, on conflicting evidence, as a fact, that the parol agreement as to eight per cent interest was omitted from the written contract by the parties through a mistake of law, and has followed this up by the legal conclusion that as the mutual mistake was one of law the defendant is not entitled to have the contract reformed.

The Appellate Division unanimously affirmed the judgment entered upon these findings, and they are, therefore, not open to review in this court.

Notwithstanding the suggestion in the opinion of the Appellate Division, that the evidence did not sustain the finding as to a parol contract for eight per cent interest, yet that learned court has unanimously affirmed the judgment as it stands, and we give the defendant the full benefit of the finding that such an outside agreement was made.

As the findings of the referee are conclusive on this court the defendant is confined to the review of such errors of law as are raised by proper exceptions.

The exception to the conclusion of law that the mutual mistake being one of law the defendant is not entitled to have the contract reformed raises the question whether it is supported by the findings of fact.

We think that it is, and that this case is brought clearly within *Haviland* v. *Willets* (141 N. Y. at page 50), where Judge FINCH, writing for the court, lays down the rule of law in regard to equitable relief in an action of this kind. He states that the general rule excludes equitable relief for a mistake, when it is one of law pure and simple, and no other elements are present; he then adds: "It is equally well settled that where there is a mistake of law on one side, and either positive fraud on the other, or inequitable, unfair and deceptive conduct, which tends to confirm the mistake and conceal the truth, it is the right and duty of equity to award relief. All the cases which deny a remedy for mere mistake of law

on one side are careful to add the qualification that there must be no improper conduct on the other. (*Silliman* v. *Wing*, 7 Hill, 159; *Flynn* v. *Hurd*, 118 N. Y. 26; *Vanderbeck* v. *City of Rochester*, 122 N. Y. 285.)"

The referee has not found that Helmer was guilty of fraud or deception or inequitable conduct, although he finds that he was a man of large business experience and defendant was not.

The learned counsel for the appellant has argued with great ability a question raised in this court for the first time, which, briefly stated, is this: That the agreement between Helmer and Smith was an assignment of an interest Helmer had in a preceding contract and necessarily related to and carried with it the original contract; that Morgan assigned to Helmer one-half of all his interest and rights under the original contract with Roby; that the assignment by Helmer of his interest and rights to defendant annexed the preceding contracts and referred to them for "a more particular description and specification of the interest so purchased;" that the three papers were by their terms connected together and made one contract. The argument based on this state of facts is that Morgan under the original agreement was entitled to ten per cent on his advances; that Helmer was substituted to half of Morgan's rights and obligations, and was entitled to same rate of interest on advances; that defendant was subrogated to Helmer's rights and interests and was to be reimbursed his advances "with interest," which was ten per cent, unless reduced by agreement; that the agreement between Helmer and defendant for eight per cent interest was intended to cut down defendant's right from ten per cent, and that as a consequence the contract needs no reformation, as defendant, if not restricted to eight per cent, will receive ten per cent as originally provided.

The counsel for appellant frankly states that the case was tried on the theory that the contract needed reforming so as to express the agreement as to interest, but that the point now taken is sufficiently raised in the record to be available here. We are of opinion that this contention cannot be sustained.

It is clear from the answer of the defendant and the proofs, that this contract was treated as giving the defendant but seven per cent interest on his advances, unless the parol agreement for eight per cent was read into it by a reformation of the instrument. It is too late in this court to change the entire theory of an affirmative defense. When the effort to reform the instrument fails, the defendant is not entitled to a judicial construction, holding that, as originally drawn, the contract needed no reformation, and could be read as if reformed. (*Husted* v. *Van Ness*, 158 N. Y. 104; *Oakville Company* v. *Double-Pointed Tack Co.*, 105 N. Y. 658.)

The construction of these contracts as suggested by the appellant's counsel is not without force, and possibly the proper course for the defendant originally was to have stood upon his contract and refrained from praying a court of equity to reform it. It is too late to assume that position now. The findings of fact are not reviewable in this court, but are conclusive as they stand.

The plaintiff makes a point, which was considered below, that this is a stale claim and barred by the Statute of Limitations. The fact appears that these contracts have been acted upon by the parties for twenty years without being challenged; and the claim to reform them at this late day, by inserting important provisions, does not appeal very strongly to a court of equity.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____