### TROTTER v. BREVOORT et al.

(Supreme Court, Appellate Division, Second Department. April 26, 1901.)

REFORMATION OF DEED.

> Plaintiff offered to sell to defendant certain real estate subject to a mortgage in consideration of a transfer of shares of stock "upon the express condition that six per cent. at least, or more, dividends be declared from August 1, 1898, on the stock at par value, and continue to be so paid quarterly or semiannually hereafter." A deed was duly executed and delivered of the property subject to the mortgage. Plaintiff thereafter endeavored to obtain from defendant a written guaranty that the stock would always pay dividends, and, on defendant's refusal to execute it, sought to reform the deed by inserting a clause that the conveyance was executed on the express condition that the stock would thereafter always pay dividends. There was no claim at the trial that the condition was omitted from the deed by mistake either of law or fact. *Held*, that the reformation was properly refused.

Appeal from special term, Kings county.

Action by Charles W. Trotter against William H. Brevoort and Martha Brevoort. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Nelson S. Spencer (Wilbur Larremore, on the brief), for appellant. Robert Leslie Moffett, for respondents.

HIRSCHBERG, J. This action is brought to procure a reformation of a deed of conveyance of real estate in the borough of Brooklyn. The learned trial justice has found that the deed as executed was in entire accord with the intent of the parties at the time of its execution, and that the plaintiff is therefore not entitled to the reformation which he seeks. The contract between the parties which resulted in the conveyance may be gathered from a letter written by the plaintiff to the defendant William H. Brevoort, in which he stated that:

"I have concluded, under the circumstances, to accept your proposition of 120 shares of stock of Col. Certif. Co., par value of 12,000 dolls., for my equity in the property over the 14,000 doll. mortgage, upon the express condition

that 6 pr. ct. at least, or more, dividends be declared from August 1st, 1898, on the stock at par value, and continue to be so paid quarterly or semiannually hereafter. * * * I will draw the deed of the property and the satisfaction of the mortgage I hold of 12,000 dolls. myself, but I cannot get the papers from the safe-deposit vault in N. Y. conveniently until Monday next, July 25th. The deed has to be made subject to a mortgage of 16,000, less $2,000 dolls. paid August 3, 1897; so I must have the papers."

The defendant replied in writing, saying:

"Your proposition, dated July 20th, offering to exchange property known as '77 & 79 Atlantic street, Brooklyn,' subject to an indebtedness of fourteen thousand ($14,000) dollars at 5%, for twelve thousand ($12,000) dollars of the par value of the stock of the Colorado Certificate Company, this day received and accepted. The dividend on the stock will be paid as you desire, and may be increased a trifle should you deem it advisable later. * * * I note that you will draw the deed subject to the mortgage of sixteen thousand ($16,000) dollars, reciting that two thousand ($2,000) dollars was paid August 3rd, 1897. Also that you will satisfy the twelve thousand ($12,000) dollar second mortgage of record. By your letter this is to be done by Monday next."

The plaintiff had the deed prepared in accordance with the understanding as stated in these letters, subject to the mortgage, but not subject to the permanent payment of dividends on the stock; and it was duly executed and delivered. He subsequently endeavored to procure from the defendant a written guaranty that the stock would always pay a dividend, which guaranty the defendant declined to execute, whereupon this action was brought for the purpose, among other things, of procuring a reformation of the deed by the insertion of the clause that:

"This conveyance is executed and delivered upon the express condition that dividends at the rate of at least six per cent., or more, per annum, be declared and paid from August 1st, 1898, on one hundred and twenty (120) shares of the capital stock of the Colorado Certificate Company, of the par value of $12,000, which is the consideration of this conveyance, and continue to be so declared and paid quarterly or semiannually hereafter."

The plaintiff made no claim upon the trial that this condition was omitted from the deed by mistake either of law or fact. There was no agreement or understanding for its insertion. The deed, as executed and delivered, was just what the parties intended should be executed and delivered, neither party contemplating that the defendant should receive a deed which, upon its face, would destroy his title to the real estate for every purpose excepting that of occupancy. The plaintiff testified that nothing was omitted from the deed. He testified on cross-examination:

"Q. The deed was drawn exactly as you wanted it. according to your instructions, wasn't it? A. Yes."

He further testified as follows:

"Q. Now, when you handed Mr. Brevoort all of these papers and the deed, and he gave you the 120 shares of Colorado Certificate Company stock, why, the transaction was closed, was it not? A. Yes. Q. There was no more to be given to you, was there? A. No. Q. And the deed recited exactly what you intended it to recite, did it not? A. Yes, the deed showed the $14,000 mortgage. Q. There was no exception to it at all, then? A. I think not. Q. There were no conditions to be added, were there? A. It seemed to me so. There was nothing more. You asked me the question whether there was anything more to be put in the deed? Q. Yes. A. I didn't suppose there was. I next saw Mr. Brevoort after I handed him the deed, and he walked out of

the house in September,—about the 1st of September. He came here, I sup-
pose, to talk about the bonds. No one was present here when I talked with
him. First I made a demand for the reconveyance of the property; next to
guaranty the value of the stock. He wouldn't do that. Q. He never had
agreed to do that, had he? A. I don't know about that. Q. He never had
agreed to guaranty the dividends to you? A. No. He said they would be
paid. Q. But he didn't guaranty that the dividends would be paid to you?
A. I don't know that he did."

The plaintiff invokes the principle that, where an instrument is drawn and executed which professes or is intended to carry into execution an agreement previously entered into, but which, by mistake of the draftsman, either as to fact or law, does not fulfill the manifest intention of the parties to the agreement, equity will correct the mistake. The principle has no application to this case. There was no arrangement between the parties that all the conditions embraced in the correspondence should be inserted in the deed. The deed was not executed for the purpose of fulfilling the agreement in reference to the shares of stock, but for a transfer of the real estate only. There was no agreement that the condition relative to dividends on the stock should be inserted in the deed, and therefore that provision was not omitted because of any mistake which equity will correct. It may be that the plaintiff supposed that the agreement in reference to the stock would be enforceable without its insertion in the deed, and that such belief is a mistake of law, yet it would not be within the province of a court of equity to correct such mistake in the way the plaintiff asks to have it done.

In Hunt v. Rhodes, 1 Pet. 1, 7 L. Ed. 27, cited by the plaintiff, this distinction is pointed out. The court said (page 15, 1 Pet., and page 33, 7 L. Ed.):

"The question, then, is, ought the court to grant the relief which is asked for upon the ground of mistake arising from any ignorance of law? We hold the general rule to be that a mistake of this character is not a ground for reforming a deed founded on such mistake; and, whatever exceptions there may be to this rule, they are not only few in number, but they will be found to have something peculiar in their characters."

Snell v. Insurance Co., 98 U. S. 85, 25 L. Ed. 52, and Elliott v. Sackett, 108 U. S. 132, 2 Sup. Ct. 375, 27 L. Ed. 678, do not contravene this doctrine. In the former case the misnomer in the policy was induced solely by the statements and representations of the company, and in the latter case a provision was inserted by mistake in the deed, by which the grantee was made to assume a mortgage debt where the agreement was only that he should take the property subject to the incumbrance. Both cases are within the common and frequent exercise of the equitable jurisdiction. Referring to the case of Hunt v. Rhodes, supra, Commissioner Earl said in Pitcher v. Hennessey, 48 N. Y. 415, 424:

"Sometimes it happens that parties agree, as in the case above cited from Peters, to carry out their agreement by an instrument which, by their mistake of the law, will not effectuate their intention. In such a case equity will not reform the instrument, or substitute another instrument, which will, in law, give effect to their intention, because they adopted and agreed upon the particular instrument; and equity will not compel them to execute an agreement which they never agreed to execute, and thus make an agreement for them."

The rule in this state was set forth by Judge Finch in Haviland v. Willets, 141 N. Y. 35, 50, 35 N. E. 958, and has been since reiterated in Greene v. Smith, 160 N. Y. 533, 539, 55 N. E. 210. It is generally to the effect that equity will not afford relief where there has been a mutual mistake of law, or where there has been a mistake of law on one side only, unless there has also been fraud, or inequitable, unfair, or deceptive conduct on the other side, which tends to confirm the mistake and conceal the truth. The learned trial justice has found as a fact that the parties did not intend or agree that the real estate should be conveyed upon the condition subsequent that the dividends should be forever paid upon the stock. This conclusion is fully supported by the evidence. The plaintiff agreed to take the stock upon the defendant's assurance that such dividends would be paid, and no other or more binding guaranty was then required. There was no agreement that the repugnant condition should be inserted in the deed, and such condition was not, therefore, omitted by mistake. Even in the view which the plaintiff takes of the agreement, the condition would relate solely to the transfer of the stock, and not to the deed of the real property. What, and whether any, remedy is open to the plaintiff to enforce his claim to a continuing guaranty or for alternative damages is not for this court now to determine. It is sufficient that on the proof in this case nothing was shown which justified a reformation of the deed or a rescission of the contract.

Judgment affirmed, with costs. All concur.