CHARLES HUDSON, Appellant, v. GLENS FALLS INSURANCE
COMPANY, Respondent.

Insurance (fire) — insurance on hay, produced on farm worked
on shares, in name of tenant — effect of provision in contract that
title of hay should remain in owner of farm as security for per-
formance by tenant — when tenant has insurable interest in hay
— misrepresentations by adjuster of insurance company after
destruction of hay by fire that tenant could not recover therefor.

A contract for working a farm on shares contained a provision
that the title to all the crops raised on the farm during the continu-
ance of the contract should be in the owner of the farm as security
for the performance of the contract by the plaintiff until he had
fully performed, and then a division between the parties should be
made.   The defendant's agents were informed that the crop of hay
which was insured by defendant, and afterward destroyed by fire,
was held by the plaintiff under the terms of the aforesaid contract
as to the title of the latter to the farm produce.   After the fire
defendant's adjuster informed the plaintiff that the policy as to the
hay was void, because the plaintiff was not the owner thereof
when it was insured, and that his only interest was in the surplus
that would remain after the stock on the farm had been turned
out to grass according to the contract.   Plaintiff, relying on this
statement, surrendered his claim to the hay.   He brings this action
to rescind the settlement.   Held, that under the circumstances
the plaintiff had an insurable interest in the hay notwithstand-
ing the title in the owner of the farm and that the misrepresenta-
tions made by the adjuster to the plaintiff after the loss that the
insurance on the hay was void, misled the latter to his injury.
Held, further, that while a court of equity cannot grant relief solely
upon a mistake of law, there was here a surrender of legal rights
intentionally induced and procured by a false representation as to
the law governing the case, and plaintiff is entitled to have the con-
tract under which the loss was adjusted rescinded.   (Berry v. Am.
Central Ins. Co., 132 N. Y. 49, followed.)
Hudson v. Glens Falls Ins. Co., 162 App. Div. 934, reversed.

(Argued April 18, 1916; decided May 2, 1916.)

APPEAL from a judgment entered April 7, 1914, upon
an order of the Appellate Division of the Supreme Court

[218 N. Y.]       ·       Points of·counsel.       [May,

in the fourth judicial department, reversing a judgment
in favor of plaintiff entered upon the report of a referee
and directing a dismissal of the complaint.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*John Conboy* and *William D. Morrow* for appellant.
The finding of the referee that at the time the policy was
issued the defendant had full knowledge of the manner
in which the property was held, and knew that it was
held in the contract by the clause quoted, puts the ·defend-
ant in the same position as though it had actually indorsed
those facts upon the policy and the defendant is estopped
from raising the question of its validity. The knowl-
edge of the agent is the knowledge of the principal.
They were general agents of the defendant. (*Robbins*
v. *Springfield Fire Ins. Co.,* 149 N. Y. 477; *Skinner* v.
*Norman,* 165 N. Y. 565; *Draper* v. *Oswego Co. Ins. Co.,*
190 N. Y. 16; *Haight* v. *Continental Ins. Co.,* 92 N. Y.
51; *Wood* v. *Am. Fire Ins. Co.,* 149 N. Y. 382; *Forward*
v. *C. Ins. Co.,* 142 N. Y. 382.) The plaintiff had an
insurable interest in all the property destroyed by the
fire. (*Reynolds* v. *Reynolds,* 48 Hun, 144; *Taylor* v.
*Bradley,* 39 N. Y. 129; *Crosby* v. *Woleben,* 149 App. Div.
337; *Rice* v. *Peters,* 128 App. Div. 776; *Unglish* v. *Marvin,*
128 N. Y. 385; *Harvey* v. *Cherry,* 76 N. Y. 436; *Cross* v.
*Nat. Fire Ins. Co.,* 132 N. Y. 133; *Berry* v. *A. C. Ins.
Co.,* 132 N.Y. 56; *Rohrback* v. *Ger. Fire Ins. Co.,* 62 N.Y.
47; *Nugent* v. *R. C. M. F. Ins. Co.,* 106 App. Div. 308.)
The defendant was guilty of fraud and misrepresenta-
tion in the settlement. The plaintiff thereby lost seventy
tons of hay worth $14 per ton amounting to $980. (*Berry*
v. *A. C. Ins. Co.,* 132 N. Y. 49; 2 Pom. Eq. Juris. § 847;
*Simon* v. *Supreme Council,* 91 App. Div. 393; 181 N.Y.
578; *Boyd* v. *De La Montagnie,* 73 N. Y. 498; *Haviland*
v. *Willets,* 141 N. Y. 50; *Snyder* v. *Ash,* 30 App. Div.
184; *Greene* v. *Smith,* 160 N. Y. 539; *Atkinson* v. *R. P.*

Co., 114 N. Y. 168; *Jerome* v. *Q. C. Co.*, 163 N. Y. 351; *Hearst* v. *N. Y. C. & H. R. R. R. Co.*, 215 N. Y. 268; *Middleton* v. *Whitridge*, 213 N. Y. 500.)

*Virgil K. Kellogg* for respondent. The plaintiff had no insurable interest in the seventy tons of hay for which he was not paid. (*Cross* v. *Nat. F. Ins. Co.*, 123 N. Y. 133.) There was an accord and satisfaction of an unliquidated claim. (*Lestienne* v. *Ernst*, 5 App. Div. 373; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *Bandman* v. *Finn*, 185 N. Y. 508; *Walsh* v. *H. H. R. R. Co.*, 204 N. Y. 58; *Dahlstrom* v. *Gemunder*, 198 N. Y. 449.) The policy was void as to the produce. (*Robbins* v. *Springfield Ins. Co.*, 149 N. Y. 477; *Berry* v. *A. C. Ins. Co.*, 132 N. Y. 49; *Van Schoick* v. *N. F. Ins. Co.*, 68 N. Y. 434; *Forward* v. *Cont. Ins. Co.*, 142 N. Y. 383; *Whited* v. *Germania F. Ins. Co.*, 76 N. Y. 415; *Haight* v. *Cont. Ins. Co.*, 92 N. Y. 51.)

CUDDEBACK, J. The action was brought to rescind a contract whereby the parties adjusted and settled a claim of the plaintiff on a policy of fire insurance.

The plaintiff was working a farm on shares. His contract with the owner of the farm provided for keeping thereon fifty cows, the property of the farm owner, and six horses to be furnished by the plaintiff for doing the farm work. The cows and horses were to be fed on the hay produced on the farm before a division thereof between the parties was made. The contract began on January 1, 1912, and was to continue for one year. The plaintiff was to leave on the farm at the expiration of his contract a sufficient quantity of hay to feed the cows, and also to feed six horses, until the time came in the spring when they could be turned out to grass. The contract also contained a provision that the title to all the crops raised on the farm during the continuance of the contract, and the products of the dairy, should be in the owner of the farm as security for the performance of the

contract by the plaintiff until he had fully performed, and then a division between the parties should be made.

On May 8 following the date of the agreement, the plaintiff procured from the defendant's agents a policy of fire insurance, in the standard form of this state, insuring his horses, wagons and farm implements. On the 5th day of August after the crop of hay had been gathered, the plaintiff, by a rider attached to the same policy, procured further insurance from the defendant's agents on the hay and other products of the farm.

The referee found upon sufficient evidence, and the finding was not disturbed by the Appellate Division, that when the last insurance was procured the defendant's agents were informed that the hay which was insured was held by the plaintiff under the terms of the aforesaid contract between the plaintiff and the owner of the farm as to the title of the latter to the farm produce. On August 26th the barn in which the hay was stored and its contents were totally destroyed by fire. The controversy here is over the loss on the hay.

A few days after the fire the defendant's adjuster visited the farm for the purpose of adjusting the plaintiff's loss, and as the referee found upon sufficient evidence, the adjuster informed the plaintiff that the policy as to the hay at least was void, because the plaintiff was not the owner thereof when it was insured, and that his only interest was in the surplus that would remain after the stock on the farm had been turned out to grass according to the contract. The referee's finding in that respect has not been disturbed by the Appellate Division. No controversy arose between the plaintiff and the defendant's adjuster over losses on the other property covered by the policy of insurance.

The Appellate Division in reversing the judgment in favor of the plaintiff struck out the finding by the referee that the statement made by the adjuster at the time of the settlement was a misrepresentation of both

law and fact, but as has been already said, the court did not disturb the specific finding of the referee as to what the adjuster did say. The Appellate Division further held that the plaintiff "had no insurable interest in that part of the hay destroyed which was necessary to winter out the stock."

I think the Appellate Division was in error in both the propositions which it decided, and that the statement made by the adjuster to the plaintiff at the time of the settlement was a material misrepresentation, and also that the plaintiff did have an insurable interest in the hay. The fact as found by the referee that the defendant's agents who issued the policy were informed of the provisions of the contract between the plaintiff and the owner of the farm regarding the title to the farm products, is sufficient to validate the insurance notwithstanding the qualified ownership of the plaintiff which the contract disclosed. (*Robbins* v. *Springfield Fire & M. Ins. Co.*, 149 N. Y. 477; *Skinner* v. *Norman*, 165 N. Y. 565; *Haight* v. *Continental Ins. Co.*, 92 N. Y. 51.) The policy of insurance was not, therefore, issued upon any misunderstanding as to the ownership of the hay.

The plaintiff had an insurable interest in all the hay destroyed, including that "which was necessary to winter out the stock." The court at the Appellate Division apparently did not deny that the plaintiff had an insurable interest in so much of the hay as was necessary to feed the cows and his horses prior to the expiration of the contract on January 1, 1913. Whether any part of the hay would then remain was perhaps uncertain, but the plaintiff was in possession of all the hay and he could hold it against all the world, except the owner of the farm. Furthermore, he could insure the hay for his own protection and for the protection of the owner of the farm, and in case of loss he could collect the whole amount of the insurance moneys and account to the farm owner for his part thereof, if there was any part which belonged to

him.   The defendant's agents, as has been said, had full knowledge of the extent of the plaintiff's interest in the hay.   Under all these circumstances the plaintiff had the right to take out the policy.   (*Waring* v. *Indemnity Fire Ins. Co.*, 45 N. Y. 606, 611.)   In that case the court said: "It is laid down in broad terms that one may, in his own name, insure the property of another for the benefit of the owner without his previous authority or sanction, and that it will inure to the benefit of the owner upon a subsequent adoption of it, even after a loss has occurred."

The court further said, with regard to persons taking out such insurance, that they may "recover of the insurer not only a sum equal to their own interest in the property by reason of any lien for advances or charges, but the full amount named in the policy up to the value of the property."

The general rule is that under a contract to work a farm on shares, the parties become tenants in common of the crops.   (*Reynolds* v. *Reynolds*, 48 Hun, 142.)   That would be the case here but for the provision in the contract that the title to the crops should be in the owner of the farm as security for the faithful performance of the contract by the plaintiff until he had fully performed the same.   These provisions amounted to a mortgage given by the plaintiff to the owner of the farm on the hay produced.   The plaintiff, under well-settled rules, had an insurable interest in the hay notwithstanding the title in the owner of the farm.   (*Berry* v. *Am. Central Ins. Co.*, 132 N. Y. 49; *Nugent* v. *Rensselaer County Mutual Fire Ins. Co.*, 106 App. Div. 308.)

It appears plainly enough that the misrepresentations made by the adjuster to the plaintiff after the loss that the insurance on the hay was void, misled the latter to his injury.   *Berry* v. *Am. Central Ins. Co.* (*supra*) resembles in many respects the case under consideration. The court there said:

"The plaintiff was a man of little business experience,

although he had education enough to understand the transaction and read the papers which he signed, and he made the settlement voluntarily, without any coercion upon him, but relied upon the representation as to the law governing his case which the defendant falsely made to him. There is no question, of course, but that a court of equity cannot grant relief solely upon a mistake of law. But there was here more than a mistake. There was a surrender of legal rights intentionally induced and procured by a false representation as to the law governing the case. The defendant must be presumed to have known that it was liable for the whole loss and by falsely representing that under the law applicable to the case the policy was void, when in fact it was valid, it induced the plaintiff to rely upon the superior knowledge that it possessed upon the subject and to surrender to it his claim." (See, also, *Haviland* v. *Willets*, 141 N. Y. 35; *Greene* v. *Smith*, 160 N. Y. 533; 2 Pomeroy's Eq. Juris. [2d ed.] § 847.)

The court here found that the plaintiff was a young man twenty-six years of age of quite limited business experience, and that he believed and relied upon the false statements of the defendant's adjuster that the policy was void as to the hay, and that he was thus induced to accept, and did accept, the offer for a lesser amount than the loss sustained. The case is within the principle laid down in *Berry* v. *Am. Central Ins. Co.* (*supra*).

The conclusion is that the judgment of the Appellate Division should be reversed, with costs, and the judgment entered upon the report of the referee should be reinstated.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment reversed, etc.