Willat Film Corporation, Plaintiff, *v.* Central Union Trust Company of New York, as Trustee under the Mortgage of Willat Studios & Laboratories, Inc., Dated October 1, 1921, and Others, Defendants. (Actions Nos. 1, 2 and 3.)

Supreme Court, New York County, July 2, 1926.

Mortgages — action to recover amount of fire insurance loss on premises owned by plaintiff — property was originally owned by defendant Studios Company which executed mortgage to defendant trust company as trustee — insurance clause in said mortgage provided that original mortgagor would hold proceeds of any loss for replacement of property — in event of default under mortgage said mortgagor agreed to pay over said funds on demand and commencement of proceedings under mortgage — trustee entitled to fund arising from fire loss where evidence shows default in mortgage interest — original mortgagor had insurable interest in property.

An insurance clause in a mortgage by which the defendant Studios Company as an original mortgagor agreed to hold the proceeds of any loss or damage to the premises by fire and in the event of a default under its mortgage and the commencement by defendant trust company as trustee under the mortgage of a proceeding based thereon and written demand to said mortgagor to pay over such fund, required said original mortgagor to comply with such demand and deliver such proceeds to the trust company as part of the trust estate, where in an action to recover certain insurance moneys concededly due under policies of fire insurance, the evidence shows that following the fire, which destroyed the premises, the original mortgagor defaulted in the payment of the interest whereupon the trust company gave notice of acceleration of maturity of principal and began foreclosure proceedings after making due demand for the insurance moneys.

Notwithstanding the fact that the original mortgagor parted with title to the premises to the plaintiff, by reason of the fact that said mortgagor was still subject to a liability for deficiency under its mortgage and was under a contractual obligation to the trust company to insure to the extent of the mortgage, it would be entitled to recover under the policies to the extent necessary to re-establish the collateral for the principal obligations, were it not for the contingencies entitling the trust company under the mortgage to receive payment over to it.

ACTION to recover certain insurance moneys concededly due under three policies of fire insurance.

*L. & A. U. Zinke* [*A. U. Zinke* and *R. J. Schuster* of counsel], for the plaintiff.

*Larkin, Rathbone & Perry* [*Donald C. Muhleman, Orville C. San-born* and *Robert A. Jones* of counsel], for the defendant Central Union Trust Company of New York.

JAMES O'MALLEY, J.   This action involves the right to certain insurance moneys.   Three actions were originally instituted by the plaintiff, Willat Film Corporation, against three separate insurance companies to recover the amount of a fire insurance loss.   The property destroyed consisted of certain moving picture film laboratories located at Fort Lee, N. J.   The loss occurred on February 7, 1925.

The insurance companies admitted their liability, and after the loss was adjusted, interpleaded the Willat Studios & Laboratories, Inc. (hereinafter referred to as the Studios Company) and the Central Union Trust Company of New York, as trustee under a certain mortgage made by the Studios Company; and also such Trust Company, as trustee under a mortgage made by the plaintiff, the Willat Film Corporation (hereinafter referred to as the Film Company).   The amount of the adjusted loss was as a result paid into court and the issue here involved is whether the plaintiff or the Trust Company, as trustee under the Studios Company mortgage, is entitled to the proceeds.

The property was originally owned by the Studios Company. Under date of October 1, 1921, it executed its mortgage to the Trust Company, as trustee, under which mortgage $100,000 in bonds were authenticated and sold.   This mortgage contained the following mortgage insurance clause:

" *Article sixth.* The Willat Company shall from time to time cause the property subject to this indenture to be insured and kept insured in good and solvent companies against loss or damage by fire, to the extent that such property is usually insured, such insurance to be taken in the name of the Willat Company, the proceeds thereof, when received by the Willat Company, to be placed in a separate fund and to be applied by the Willat Company solely to the re-building, re-placement, or repair of the property damaged or destroyed whenever necessary in the judgment of the Willat Company to the operation of the mortgaged property, or when not so necessary, in the judgment of the Willat Company, then to other extensions, betterments and renewals of the property of the Willat Company; provided, however, that the Willat Com-

pany may adopt such other plan or method of protection against loss by fire, whether by the establishment of an insurance fund or otherwise, as may be approved by its Board of Directors. In case of the happening of any event or default as hereinafter defined, and the commencement by the Trustee of any action or proceeding based thereon, the Willat Company will forthwith pay to the Trustee on written demand the amount at that time in any such fund, which shall be held and disposed of by the Trustee as a part of the trust estate and upon and for the purposes and trusts herein provided and the Willat Company will, upon like demand, transfer to the Trustee any insurance policy or policies, upon the property hereby conveyed."

Subsequently and on November 23, 1923, the Studios Company conveyed the premises to the Film Company *subject* to the above-mentioned mortgage. Thereafter, and on December 1, 1923, the Film Company also executed a mortgage in the sum of $300,000 to the Trust Company, as trustee, upon the same property but as the Trust Company under such mortgage has defaulted we are not concerned therewith.

The evidence tends to show that the Studios Company in the first instance secured insurance as required by the terms of its mortgage to the Trust Company, but at the time of its conveyance of the property to the Film Company such insurance had lapsed. Thereafter and on January 27, 1925, a binder was obtained from the three insurance companies covering the property in the sum of $100,000 in favor of the Studios Company. The fire occurred February 7, 1925, and on February eighteenth thereafter, policies were issued by the respective companies for the amounts specified in the binder in the name of " Willat Studios & Laboratories, Inc. and /or Willat Film Corporation, as now or may be hereafter constituted, or as their interest may appear."

On April 1, 1925 the Studios Company defaulted in the payment of interest, and on June eighteenth following, the Trust Company gave notice of acceleration of maturity of principal, and in the same month foreclosure proceedings in New Jersey were begun. Demand on the Studios Company for the insurance moneys was made in November, 1925.

The evidence fairly warrants a finding that while the insurance in the first instance was in the name of the Studios Company as indicated in the binder, it was the intention of the parties that the policies when issued should be for the benefit of both the Studios Company and the Film Company.

It is to be observed that the policies were issued in the State of New Jersey and each contained the New Jersey standard clause

providing that if the interest of the insured were other than uncon-
ditional and sole ownership, the policy would be void.   However, as
this defense was not interposed by the companies we are not con-
cerned therewith.   The companies having accepted the premiums
and deposited the money in court, thereby waived any defense which
might have originally existed.

The sole question presented, therefore, is, what are the respective
interests of the Studios Company and the Film Company?   Con-
cededly the Studios Company and the Film Company each had an
insurable interest in the property.   The Film Company was the
owner in fee.   The Studios Company, while having parted with
title, was subject to a liability for a deficiency under its mortgage
and was under a contractual obligation to the Trust Company to
insure to the extent of its mortgage.   True, it was not required to
insure in the name of the Trust Company, but in its own name.
But under the provisions of paragraph 6 of the mortgage above
referred to, it was obligated to hold the proceeds of any loss for
certain specified purposes, and in the event of a default under
its mortgage and the commencement by the Trust Company of
a proceeding based thereon, and written demand to the Studios
Company to pay over the fund, it was obliged to comply with
such demand and to deliver such proceeds to the Trust Company
as part of the trust estate.   It is true that the insurance clause
referred to is not in the usual form in that it does not require the
Studios Company to insure in the name of the Trust Company or
as its interests may appear.   However, it is plain that the insurance
was intended for the benefit of the Trust Company, and while
the clause in question differs from the usual mortgage insurance
clause, such difference is only with respect to the immediate dis-
position of the proceeds of the policy and does not in any way
affect the practical result.   Moreover, with such temporary right
of disposition reserved to the Studios Company, only it and the
Trust Company are concerned.

While the learned counsel for the plaintiff concedes an insurable
interest in the Studios Company he urges that there has been
failure of proof on its part to show the extent of its insurable interest
at the time of the loss or the amount of its damage, determinable
at such time.   This contention is based upon the fact that the
Studios Company had parted with title to the property and that
under the terms of the mortgage it was not required to pay over
the proceeds of a loss to the trustee until after default in the mortgage
terms, the commencement by the trustee of a proceeding based
thereon and a written demand for the payment over of the insurance
fund.   Hence it is claimed that as there had been no default when

the loss occurred, the Studios Company had incurred no liability at that time, and consequently could show no damage.

With this contention I am unable to agree. At the time of the loss the Studios Company was obligated upon its debt of $100,000 under its mortgage and would be personally liable for any resulting deficiency after resort was had to the collateral, the mortgaged premises. It was also obligated under its covenant with the Trust Company to take out insurance in the amount of $100,000, and for a breach of such covenant it would be liable. Because of its liability for such possible deficiency judgment and because of its liability for breach of its covenant to insure, the Studios Company would be entitled to recover under the policies to the extent necessary to re-establish the collateral for the principal obligation. (*Berry* v. *A. C. Ins. Co.*, 132 N. Y. 49.) The principle of the case just cited has been recently adopted and affirmed by the Court of Appeals in *Hudson* v. *Glens Falls Insurance Co.* (218 N. Y. 133). (See, also, *Vigliotti* v. *Home Ins. Co.* (206 App. Div. 398.)

As the Studios Company was entitled to recover the proceeds of the policies and as the contingencies entitling the Trust Company under the terms of the mortgage to require payment over to it of the proceeds have occurred, it follows that the Trust Company is entitled to a judgment for such relief. As the trustee of the Studios Company is interested in the first lien on the premises, it is entitled to priority as against the plaintiff which took subject to such lien.

It follows, therefore, that judgment must be for the defendant Trust Company on all policies. Submit proposed findings.