EUDORA H. MILLSPAUGH, Plaintiff, *v.* JESSE PADUCH and ANELIA PADUCH, Also Known as NELLIE PADUCH, Defendants.

City Court of Middletown, June 21, 1940.

*Samuel W. Eager [Anthony J. Veraldi* of counsel], for the plaintiff.

*Charles H. Borland,* for the defendants.

FAULKNER, J. This is an application for judgment on the pleadings, based upon the contention that the counterclaim does not state facts sufficient to constitute a cause of action.

The motion is to be denied where there can be a recovery on any theory. (*DeRosa* v. *Bloch,* 150 Misc. 160.)

In this case the only issue is that raised by the counterclaim. Damages are sought because the plaintiff, as owner of crops, although requested so to do, did not file a claim against the city of Middletown for damages done to crops raised by the defendant Anelia Paduch under a share crop agreement with the plaintiff. According to her story, on or about January 1, 1938, she entered into a share crop agreement with the plaintiff under which title to the crops was to remain in the plaintiff until harvested; on July 15, 1938, the city of Middletown committed a trespass against said crops in that it negligently permitted certain water to enter upon same; some time later the said Anelia Paduch requested the plaintiff, through her agent, to file a claim against the city.

The facts stated in the pleadings are, for the purpose of this motion, admitted to be true. (*Felt* v. *Germania Life Ins. Co.,* 149 App. Div. 140.)

Contracts to raise crops on shares assume various forms and create different relationships. Some constitute leases, some partnership agreements, and others plain cropping contracts.

One may be employed for the purpose of raising crops without there having been created the relationship of landlord and tenant. (*Taylor* v. *Bradley,* 39 N. Y. 129; *Putnam* v. *Wise,* 1 Hill, 234; *Harris* v. *Frink,* 49 N. Y. 24.)

With respect to the crops, what is the relationship of the parties? While the decisions of courts of various States differ as to this, the New York law is that the parties are tenants in common even where the relationship of landlord and tenant does not exist and the contract is treated as a share cropping agreement. (*Taylor* v. *Bradley, supra; Putnam* v. *Wise, supra; Harris* v. *Frink, supra; Reynolds* v. *Reynolds,* 48 Hun, 142; *Hudson* v. *Glens Falls Ins. Co.,* 218 N. Y. 133.) Is the plaintiff, as the owner of the land, the only one who legally could have taken the necessary legal steps to redress a wrong done the crops? " Where the owner of land and his lessee cultivating it on shares have a joint property in the crops, they may jointly maintain an action against a third person who wrongfully cuts and removes the crops, or the landowner may maintain an action separately against a stranger through whose wrongful act the crops are injured." (15 Am. Jur., Crops, § 58.) In *Foote* v. *Colvin* (3 Johns. 216) the court decided that where the landowner agrees with another that he may sow the land on shares and on reaping the crops they were to have them in certain proportions they may maintain a joint action of trespass against the third person who cuts and carries away the crops.

The question involved here is not similar to that in *Decker* v. *Decker* (17 Hun, 13) and certain earlier cases which held that a share cropper did not have such an interest in a crop as permitted him to maintain an action in trespass *quare clausum fregit.* In addition to the authorities cited in my decision of May 13, 1940, attention is called to the following statement: " If particular crops are regarded as realty, the remedy against one who unlawfully interferes with them is trespass *quare clausum fregit.* If the crop is regarded as personal property, trespass *de bonis asportatis* is the remedy against one who wrongfully carries it away, and one who is kept from possessing the crop may bring trespass on the case for injury to goods." (15 Am. Jur., Crops, § 67.) The crops involved in this motion are not realty, but personalty, being emblements.

Now, did the fact that the contract between the plaintiff and Anelia Paduch provided for the retention of the title to the crops in the plaintiff until their apportionment deprive the defendant Anelia Paduch of her right to file a claim against the city of Middletown for damages? In *Hudson* v. *Glens Falls Ins. Co. (supra)* the court indicated that while such retention destroyed the relationship of tenancy in common, nevertheless the cropper retained an insurable interest in the crops.

The question at issue is not whether the defendant Anelia Paduch under all the circumstances was deprived of her right to maintain an action in trespass against the city of Middletown, but rather

whether she had a right to have filed a claim for damages under section 30 of the charter of the city (Laws of 1902, chap. 572), of which judicial notice has been taken. This section specifically gives one whose person or property has been injured by a wrongful act of the city the right to file a claim against it and Anelia Paduch had such a property interest in the crop in question as would have given her the right to file her claim. (*Hudson* v. *Glens Falls Ins. Co.*, *supra*.)

The question of who might be the proper party for the maintenance of an action against the city for the trespass could have been later determined, and even though it might be successfully maintained that the charter required that she possess such rights as would have permitted her to maintain an action in trespass, I think that she still would have met such requirements because she had possession, if not actually, at least constructively, and that is all that is required. (38 Cyc. 1032, 1033; *Kissam* v. *Roberts*, 19 N. Y. Super. Ct. 154; *Sickles* v. *Gould*, 51 How. Pr. 22.)

The motion for judgment on the pleadings is granted.